## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

CAROLYN J. ANDERSON                                        PLAINTIFF

          v.                    Civil No. 06-6017

KIA MOTORS CORPORATION and
HEAD MOTOR COMPANY                                        DEFENDANTS

### O R D E R

Now on this 15th day of June, 2006, come on for consideration the following motions:

* **Separate Defendant Head Motor Company's Motion To Dismiss** (included in the removal papers filed as document #1);

* the **Motion To Dismiss Or, Alternatively, Motion To Quash Service** of separate defendant Kia Motors Corporation (document #3), and

* plaintiff's untitled letter motion docketed as **Motion For Extension Of Time To File Response To Removal** (document #7),

and from said motions, the Court, being well and sufficient advised, finds and orders as follows:

1.   Plaintiff filed suit on February 2, 2006, in the Circuit Court of Garland County, Arkansas, alleging that the defendants are liable to her for personal injuries sustained in an automobile accident.  The automobile in question is a Kia Sephia, allegedly manufactured by Kia Motors Corporation ("KMC") and sold to

plaintiff by Head Motor Company ("Head"). Plaintiff's claim sounds in contract and tort, relying on various legal theories commonly used in product liability actions.

The relevant allegations, for purposes of the pending motions, are as follows:

* that plaintiff is a resident of Garland County, Arkansas;

* that KMC has its principal place of business in Irvine, California;

* that Head has its principal place of business in Columbia, Missouri;

* that damages are in excess of the amount required for diversity jurisdiction under **28 U.S.C. §1332**; and

* that "during the event giving rise to this claim," plaintiff was a resident of Missouri.

2. Head contends that it is entitled to dismissal of the claims against it, because this Court lacks personal jurisdiction over it. It offers the Affidavit of Steve Head, averring that it does not do business in any state other than Missouri; that it sold the Kia Sephia which is the subject of plaintiff's Complaint in Missouri; that it has never transacted business in the State of Arkansas; and that it has never advertised or performed any services in the State of Arkansas. Plaintiff has not responded to this Motion.

-2-

The issue of whether the mere sale of an automobile in one state, without more, will support personal jurisdiction against the vendor in another state, was addressed by the United States Supreme Court in **World-Wide Volkswagon Corp. v. Woodson**, **444 U.S. 286 (1980).** The Court there held that an Oklahoma District Court had no personal jurisdiction over New York vendors, "when the defendants' only connection with Oklahoma is the fact that an automobile sold in New York to New York residents became involved in an accident in Oklahoma." In the case at bar, Head's only connection with Arkansas is the fact that an automobile it sold in Missouri, to a Missouri resident, became involved in an accident in Arkansas. That will not support personal jurisdiction, and Head's Motion will, therefore, be granted.

3. KMC alleges that it is a foreign corporation incorporated under the laws of, and having its principal place of business in, the Nation State of South Korea. It contends that the Nation State of South Korea is a signatory of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), and contends that it has not been served in accordance with the Hague Convention. It asks that the Complaint be dismissed, as against it, or alternatively, that service be quashed.

KMC's request for dismissal is premature. The Complaint was filed on February 2, 2006. **F.R.C.P. 4(m)** allows 120 days for

service of process, failing which the Court might either dismiss the Complaint without prejudice, or extend the time for service of process. The 120-day time period has not yet elapsed, and thus, to the extent that KMC's Motion seeks dismissal, it will be denied.

As for the argument that plaintiff has purported to effect service upon KMC by serving it at an address in California (said to be that of KMC's North American distributor, Kia Motors America Inc.) rather than by serving KMC itself pursuant to the Hague Convention, the Court has only the allegations of KMC in its Motion and supporting brief. There is no evidentiary support for any of its factual contentions, nor is there any adequate showing as to the conditions pursuant to which the Nation State of South Korea may have acceded to the Hague Convention. The Motion will be denied on that basis, without prejudice to its renewal with proper evidentiary and legal support.

4. Finally, as to plaintiff's Motion, the Court sees no reason to grant additional time to contest the removal. Head states in the Notice Of Removal that it was served on March 18, 2006, and the Notice Of Removal was filed on April 17, 2006, within the thirty days allowed by **28 U.S.C. §1446.** On its face, the Complaint indicates complete diversity of citizenship, and an amount in controversy exceeding that required to establish diversity jurisdiction, thus making it a removable case under **28**

**U.S.C. §1441(a).** The Court, therefore, believes that an extension of time to contest the removal would be a futile act. Plaintiff's Motion will be denied.

**IT IS THEREFORE ORDERED** that **Separate Defendant Head Motor Company's Motion To Dismiss** (included in the removal papers filed as document #1) is **granted.**

**IT IS FURTHER ORDERED** that the **Motion To Dismiss Or, Alternatively, Motion To Quash Service** of separate defendant Kia Motors Corporation (document #3) is **denied,** without prejudice to its resubmission.

**IT IS FURTHER ORDERED** that plaintiff's letter motion docketed as **Motion For Extension Of Time To File Response To Removal** (document #7) is **denied.**

**IT IS SO ORDERED.**

____/s/ Jimm Larry Hendren____
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**
