```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   HOT SPRINGS DIVISION
```

**CAROLYN J. ANDERSON**                                          **PLAINTIFF**

         v.          Civil No. 06-6017

**KIA MOTORS CORPORATION**                                       **DEFENDANT**

O R D E R

Now on this 6th day of August, 2007, comes on for consideration plaintiff's **Request For Original Documents Per Letter From Korea** (document #48), and the Court, being well and sufficiently advised, finds and orders as follows:

Plaintiff, who is attempting to serve the defendant pursuant to the Convention Of The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters (the "Hague Convention"), has been advised by the Director of International Affairs of National Court Administration in Seoul, Korea, that the documents furnished for service have been returned because original documents were not provided.  The letter returning the documents cites Paragraph 2, Article 3, and Article 5 of the Hague Convention.

Plaintiff asks the Court to return to her all original documents she has filed with the Court, so that they may be furnished to the authorities in Korea, who will then, hopefully, carry out service of process so that her cause may proceed.

The Court will grant this request, and will instruct the Clerk of Court to return to plaintiff any original documents she considers necessary, substituting copies therefor.

Although the request is granted, the Court wishes to point out that the Hague Convention does not require originals to be sent to the receiving State for purposes of service of process. In fact, Article 3 specifically provides that "[t]he document to be served or a copy thereof shall be annexed to the request."

The central purpose of Hague Convention -- expressed in its prologue -- is to simplify and expedite international service of process, not complicate and delay it.  The receiving State's insistence on original documents is contrary to both the letter and the spirit of the Hague Convention.  Nevertheless, that appears to be what the Republic of Korea requires of plaintiff to obtain service of process.

**IT IS THEREFORE ORDERED** that plaintiff's **Request For Original Documents Per Letter From Korea** (document #48) is **granted**, and the Clerk of Court is directed to furnish plaintiff with any original documents from her file that plaintiff considers necessary, substituting copies therefor.

**IT IS SO ORDERED.**

                                                       **/s/ Jimm Larry Hendren**
                                                       **JIMM LARRY HENDREN**
                                                       **UNITED STATES DISTRICT JUDGE**