```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   HOT SPRINGS DIVISION
```

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

FEB 13 2008

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

**CAROLYN J. ANDERSON**                                              PLAINTIFF

v.                           Civil No. 06-6017

**KIA MOTORS CORPORATION**                                           DEFENDANT

## O R D E R

Now on this 13th day of February, 2008, comes on for consideration defendant's **Motion To Stay All Deadlines Enumerated In Scheduling Order** (document #82), and from said motion, and other matters appearing, the Court finds and orders as follows:

1. This products liability case is scheduled for trial during the week of April 28, 2008. Various pre-trial deadlines are looming.

The plaintiff, Carolyn Anderson ("Anderson"), passed away on or about January 10, 2008. On January 11, 2008, the defendant, Kia Motors Corporation ("Kia"), filed a Notice Of Suggestion Of Death On The Record. Kia now moves to stay all deadlines imposed by the Court's Scheduling Order, because there has not yet been any substitution of party plaintiff.

2. The Court is in receipt of a letter from Michael R. Sutton, Anderson's son, who states that Anderson's family wishes to continue with this case, but has not yet been able to retain an attorney to represent them. A copy of that letter is attached as Exhibit A to this Order.

3. The relevant rule of procedure in this situation is **F.R.C.P. 25(a)**, which provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

By the Court's calculation, Anderson's family has until April 10, 2008, to move for substitution of the proper party plaintiff. Such a motion can, of course, only be made by a licensed attorney, because under Arkansas law the executor or administrator of a decedent's estate can only take legal action on behalf of the estate through a licensed attorney. **Arkansas Bar Association v. Union National Bank**, 224 Ark. 48, 273 S.W.2d 408 (1954).

4. Given the situation as herein described, the Court finds Kia's motion well taken, and considers it appropriate to continue the trial date and all pre-trial deadlines, until one of two events transpires: the filing of a motion for substitution of party plaintiff, or the expiration of the 90-day period prescribed by **F.R.C.P. 25(a)**.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Stay All Deadlines Enumerated In Scheduling Order** (document #82) is **granted**.

**IT IS FURTHER ORDERED** that the trial date and all pre-trial deadlines in this matter are continued, for further action upon the happening of one of two events: either the filing of a motion for

substitution of party plaintiff, or the expiration of the 90-day period prescribed by **F.R.C.P. 25(a)**.

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to Michael R. Sutton, P.O. Box 243, Davisville, Missouri, 65456.

**IT IS SO ORDERED.**

>   /s/ Jimm Larry Hendren
>   **JIMM LARRY HENDREN**
>   **UNITED STATES DISTRICT JUDGE**

PO Box 243
Davisville MO
65456

SPRINGFIELD MO 656
31 JAN 2008 PM 1 T

7190144143

Clerk of The Court
US District Court
Western District of Arkansas
100 Reserve Street, Rm 347
Hot Springs, AR.    71902-6486